## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



**FILED**

Dec 02 2016, 8:23 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Stephani Merrell,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 2, 2016

Court of Appeals Case No.
49A04-1604-CR-710

Appeal from the Marion Superior
Court.
The Honorable David J. Certo,
Judge.
Cause No. 49G12-1507-CM-26941

**Sharpnack, Senior Judge**

# Statement of the Case

[1] Stephani Merrell appeals her conviction by jury of refusal to provide identification, a Class C misdemeanor.[1] We affirm.

# Issue

[2] Merrell raises one issue, which we restate as: whether the evidence is sufficient to sustain her conviction.

# Facts and Procedural History

[3] On July 30, 2015, Sergeant Roger Tuchek of the Indianapolis Police Department was driving a fully marked police car in Indianapolis. He saw a Honda CRV driving slowly with its emergency lights blinking. The Honda was loaded with long wooden pallets, some of which were stacked on top of the vehicle while others were sticking out of its rear hatch. The pallets on the roof were tied down with twine, and pieces of cardboard had been placed between the pallets. The cardboard pieces were flying off of the Honda and landing in traffic.

[4] Sergeant Tuchek stopped the Honda and approached its driver's side window. A woman, later identified as Merrell, was sitting in the driver's seat, and no one else was in the car. Sergeant Tuchek identified himself, explained why he had

---

[1] Ind. Code § 34-28-5-3.5 (1998).

stopped Merrell, and asked to see her driver's license and vehicle registration. Merrell was manipulating her cell phone and did not immediately respond.

[5] Sergeant Tuchek repeated his request to see Merrell's license and registration. She did not respond to those requests and instead began to discuss her medical problems as she continued to manipulate her cell phone. When Sergeant Tuchek asked Merrell what she was doing with her phone, she responded that she was trying to record him.

[6] Sergeant Tuchek again asked to see a driver's license and registration, and Merrell said she would look for it, but she kept manipulating her phone instead. He asked her to produce identification a total of six to ten times, but she did not comply, even after Sergeant Tuchek warned Merrell she could be arrested for failure to comply. Merrell also refused to state her name or date of birth. At one point, Merrell told Sergeant Tuchek a string of numbers, but he did not understand what they were. She then told him "she doesn't need to give me anything and that she won't give me anything." Tr. p. 33.

[7] Eventually, Sergeant Tuchek called for backup, and another officer arrived. Sergeant Tuchek asked Merrell to identify herself one final time, and she refused to comply. Next, he had her get out of the car and placed her in custody. Another officer searched the Honda and found Merrell's driver's license in a purse.

[8] The State charged Merrell with refusal to provide identification, a Class C misdemeanor. A jury determined she was guilty as charged, and the trial court imposed a sentence. This appeal followed.

## Discussion and Decision

[9] When considering whether the evidence is sufficient to support an appellant's conviction, we neither reassess witness credibility nor reweigh the evidence, as those tasks are reserved to the finder of fact. *Delagrange v. State*, 5 N.E.3d 354, 356 (Ind. 2014). Rather, we consider only the evidence most favorable to the verdict. *Id.* If we find a reasonable trier of fact could infer guilt beyond a reasonable doubt, we will affirm. *Griesemer v. State*, 26 N.E.3d 606, 608 (Ind. 2015).

[10] In order to obtain a conviction for refusal to provide identification as a Class C misdemeanor, the State was required to prove beyond a reasonable doubt that Merrell (1) knowingly or intentionally (2) refused to provide her name, address and date of birth or driver's license (3) to a law enforcement officer (4) who stopped her for an infraction or ordinance violation. Ind. Code § 34-28-5-3.5.

[11] The evidence set forth above establishes that Sergeant Tuchek stopped Merrell's vehicle because it appeared to be loaded in an unsafe manner and was endangering other motorists. Merrell refused to comply with the officer's repeated requests for identification, even though her driver's license was in her purse. She also refused to give her name or date of birth. Merrell continued to disobey Sergeant Tuchek's requests for identification even though he warned

her that she would be arrested if she failed to obey. The officers did not learn her identity until after she had been placed in custody. This is sufficient evidence from which a reasonable trier of fact could have inferred that Merrell knowingly or intentionally refused to provide identification to Sergeant Tuchek. *See Johnson v. State*, 933 N.E.2d 544, 548 (Ind. Ct. App. 2010) (evidence sufficient where defendant refused repeated requests to identify himself during a traffic stop).

[12] Merrell points to her own testimony, in which she said she attempted to look for her license and registration but could not find her purse. She further stated she told Sergeant Tuchek her license number and date of birth, but he ignored her. Finally, she claims she was medically unable to comply with Sergeant Tuchek's request because she was having an asthma attack. These arguments are requests to reweigh the evidence, which our standard of review forbids.

## Conclusion

[13] For the reasons stated above, we affirm the judgment of the trial court.

[14] Affirmed.

Baker, J., and Bradford, J., concur.